UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN L. SARVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-01932-WTL-TAB ) |
| WARDEN, Plainfield Correctional Facility,[1] | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Calvin L. Sarver's petition for a writ of habeas corpus challenges prison disciplinary proceeding number REF 16-04-0024. For the reasons explained in this Order, Mr. Sarver's habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Effective July 1, 2017, the official in charge of an Indiana penal facility or correctional institution holds the title "Warden" and is no longer titled a "Superintendent." Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to Fed. R. Civ. P. 25(d). The **clerk is directed** to update the docket to reflect this substitution.

*McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

    B.    **The Disciplinary Proceeding**

On April 16, 2016, Indiana Department of Correction Officer George Edmonds had an interaction with Mr. Sarver that resulted in the following Conduct Report:

> On 4/16/2016 at approximately 9:48 a.m. I (Officer George Edmonds Jr.) gave resident Sarver, Calvin #943684 an order to take the sheet down which was hanging across him while he sat on the toilet in C 1 restroom. This writer wanted [to] pat search Sarver #943684. Sarver stated "I just sat down" I officer Edmonds stood and waited but Sarver [began] to prolong the wait. I officer Edmonds asked Sarver did he have anything he wanted to give me. Sarver . . . stated "no". I Ofc. Edmonds ordered Sarver to stand up, then I began to pat search him. Soon as I got to Sarver [sic] right leg he reached and grabbed a black cell phone out of his sweat pants and fled into the D1 Bathroom. Sarver reached his hand with the cell phone into the toilet and flushed once, then I officer Edmonds gave him [an] Order to turn around and cuff up.
> As I radioed for 06 then radio for Officer Needs Assistance in Unit 8. Sarver flushed the toilet once again, then Sarver stood up and placed his hands behind his back. I Officer Edmonds placed hand cuffs on resident Sarver #943684 and escorted him to the shift office. Once Sarver got to the shift office he admitted to this writer and Lt. J. White that he had a cell phone that he had taken from the refrigerator in the C1-D1 dayroom area.

Dkt. No. 13-1.

Officer Edmonds escorted Mr. Sarver to the shift office. There, Mr. Sarver admitted to Lt. White and Officer Edmonds that he had a cell phone. Dkt. No. 13-2. Lt. White prepared a statement reflecting Mr. Sarver's admission:

> On 4-16-2016 at approx. 9:57a.m., Officer George Edmonds Jr. escorted resident Sarver, Calvin #943684 to the shift office. I was informed by Officer Edmonds that resident Sarver, Calvin #943684 had a cell phone in his procession [sic] and when he was being pat down he fled and flushed the cell phone down the toilet. This writer, Lieutenant James White, interviewed Sarver, Calvin #943684 who then admitted to this writer and officer Edmonds that he had a cell phone that he had taken from the refrigerator in the C1-D1 dayroom area.

*Id.*

Mr. Sarver was notified of the charge on April 21, 2016, when he received the Screening Report. That report charged Mr. Sarver with violating the Adult Disciplinary Code Section A-100, which makes violating any state or federal law an IDOC offense. The state statute Mr. Sarver was alleged to have violated was Indiana Code 35-44.1-2-2(a)(3), the statute criminalizing obstruction of justice. He plead not guilty to the charge, asked for a lay advocate, and said he did not wish to call any witnesses nor did he request any evidence. Dkt. No. 13-3.

A hearing was held on April 28, 2016. At the hearing Mr. Sarver asserted his innocence, stating he never had or admitted to having a cell phone. Dkt. No. 13-5. The hearing officer convicted Mr. Sarver of violating offense A-100, relying on staff reports, Mr. Sarver's statement, and the written statement from Lt. White. The hearing officer wrote that the evidence was clear that Mr. Sarver destroyed evidence by flushing it down the toilet. The sanctions imposed included the loss of earned credit time and a credit earning class demotion.

Appeals were made to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkt. Nos. 13-6, 13-7, 13-8, & 13-9. Mr. Sarver then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Two grounds for relief are presented by Mr. Sarver. First, he contends that the A-100 disciplinary offense is unconstitutional on its face because it fails to provide adequate notice of prohibited conduct. Specifically, he contends that because the state obstruction of justice statute is not listed in the disciplinary code as prohibited conduct, he cannot have been guilty of an A-100 violation. Second, Mr. Sarver contends that an A-100 charge requires proof of a predicate act, which he asserts was not established, and that therefore the disciplinary hearing result lacks reliability.

1. Facial Unconstitutionality

Respondent contends that Mr. Sarver did not exhaust his administrative appellate remedies on this claim. Mr. Sarver's appeals to the Facility Head and the Final Reviewing Authority are lengthy and argue at length that the evidence was insufficient to convict him of the offense. Mr. Sarver's chief contention is that the sewer system was never searched for a cell phone, and that without a cell phone as evidence he could not be convicted for such an offense. Nowhere in the appeals is an argument or authority directed to facial unconstitutionality or the void-for-vagueness doctrine. Dkt. Nos. 13-6 & 13-8. In his reply, Mr. Saver did not address the question of whether he had presented this issue during his administrative appeals. Dkt. No. 16.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Thus Mr. Sarver's first ground for relief cannot be considered, and relief on this basis is **denied**.

2. Sufficiency of the Evidence

Mr. Sarver's second ground for relief is a challenge to the sufficiency of the evidence. His contention is that the "predicate act" of destroying evidence, and thereby obstructing justice, was never proved, and therefore he cannot be guilty of an A-100 offense.

Indiana Code 35-44.1-2-2 provides in pertinent part:

> (a) A person who:
> . . . .
> (3) alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation . . . . commits obstruction of justice . . . .

Assuming without holding that proof of a predicate act was necessary for conviction under the A-100 code violation, there was some evidence to prove the act. The hearing officer considered evidence – the report of Officer Edmonds and the statement from Lt. White – that supports a finding that Mr. Sarver flushed a cell phone down a toilet. That conduct qualifies as an offense under the quoted portion of the statute. *See Mullins v. State*, 717 N.E.2d 902, 903-04 (Ind. Ct. App. 1999) (addressing obstruction of justice for disposing of potential evidence). A predicate act under the obstruction of justice statute was shown.

In the end, Mr. Sarver's challenge to the sufficiency of the evidence is governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is evidence in the record to support the hearing officer's decision. There was some evidence to support a finding that evidence had been destroyed, that the destruction was a violation of the state statute, and that in turn this conduct was a violation of the A-100 offense. Mr. Sarver's arguments to the contrary are without merit, and relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sarver to the relief he seeks. Accordingly, Mr. Sarver's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/12/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Calvin L. Sarver
943684
Plainfield Correctional Facility
727 Moon Road
Plainfield, In 46168

Electronically Registered Counsel